**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie W. Scott, ) | No. CV 09-0875-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Phoenix; Randy Spenla, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant City of Phoenix and Randy Spenla's Motion to Join Plaintiff's Spouse as a Party Plaintiff (Doc. # 10) and Defendant Randy Spenla's Motion for Judgment on Pleadings on Title VII and Section 1981 Claims (Doc. # 9). Plaintiff Leslie W. Scott has failed to respond to both motions.

Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within ten days after a motion is served. Defendant Spenla's Motion for Judgment on Pleadings on Title VII and Section 1981 Claims was filed on June 2, 2009; and Defendants' Motion to Join Plaintiff's Spouse as a Party Plaintiff was filed on June 5, 2009.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren,* 601 F.2d 471, 474

(9th Cir. 1979)). Before granting Defendants' motions for failure to abide by a local rule, however, the Court "is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).

Here, the first, second, and third factors all weigh in favor of dismissing this case. The first factor "always favors dismissal," *Yourish v. California Amplifier,* 191 F .3d 983, 990 (9th Cir. 1999), and the second factor usually favors dismissal, *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990), and this case is no exception. In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff has had ample time to respond to Defendants' motions but has failed to do so. Because the Court and public have a strong interest in judicial efficiency and the prompt resolution of litigation, dismissal under the circumstances described above is appropriate. With respect to the third factor, the Court finds that Plaintiff's refusal to respond causes Defendants to suffer prejudice. Defendant has taken timely action to address Plaintiff's claims and reduce the cost and complexity of this litigation, and Plaintiff's refusal to respond, if permitted to continue, would only frustrate those efforts.

Although the fourth factor–public policy favoring disposition of cases on their merits–weighs against granting Defendants' motions, the Court finds this factor to be greatly outweighed by the factors in favor of granting the motions as discussed above. The Court finds this to be particularly true where, as here, Plaintiff would have difficulty establishing an actionable claim under Title VII against Defendant Spenla. Although the Court does not decide whether Plaintiff has failed to state a claim upon which relief may be granted under

Title VII as argued by Defendant, the Court does note that Plaintiff's action against Defendant Spenla is not permitted under Title VII. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."). Moreover, the dismissing of Plaintiff's Section 1981 claim will have little practical effect, if any, as Plaintiff also has a remedy under Section 1983 for Section 1981 violations by municipalities, and Defendant Spenla's motion sought only dismissal of Plaintiff's Section 1981 claim. *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065 (9th Cir. 2007); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996).

Finally, this Court concludes that the availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter. With three factors weighing in favor of granting Defendants' motions and, at best, two factors weighing against, the Court finds the granting of Defendants' motions to be appropriate here. The Court's decision is further supported by the fact that the granting of Defendants' motions is premised upon a local rule that expressly permits the Court to summarily grant Defendant's unopposed motions. *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court thus concludes that dismissing Plaintiff's Title VII and Section 1981 claims against Defendant Spenla and granting Defendants' motion to join Plaintiff's spouse as a party plaintiff is justified and appropriate under the local rule.

Accordingly,

**IT IS ORDERED** that Defendant Randy Spenla's Motion for Judgment on Pleadings on Title VII and Section 1981 Claims (Doc. # 9) is granted.

///

///

**IT IS FURTHER ORDERED** that Defendant City of Phoenix and Randy Spenla's Motion to Join Plaintiff's Spouse as a Party Plaintiff (Doc. # 10) is granted.

DATED this 15th day of October, 2009.

_____
James A. Teilborg
United States District Judge