**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Scott and Briana Scott, husband and wife,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Phoenix, a body politic; and Randy Spenla,<br><br>    Defendants. | No. CV-09-0875-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. # 46). For the reasons that follow, the Court denies the Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff is an African American employee in the Auditor Department of the City of Phoenix. (Complaint, Dkt. # 1 or "Compl." at ¶¶ 5, 8; Answer, Dkt. # 6 at ¶¶ 5, 8.)

On January 26, 2007, Plaintiff filed an action against Defendant City of Phoenix claiming that the City of Phoenix violated the Americans with Disabilities Act, 42 U.S.C. § 12111, by wrongfully disclosing Plaintiff's medical information (the "2007 ADA Action"). (Defendants' Statement of Facts, Dkt. # 47 or "DSOF" at ¶ 1.) The District Court granted summary judgment in favor of the City of Phoenix, and Plaintiff appealed the decision to the Ninth Circuit Court of Appeals. (DSOF at ¶¶ 5–6.) The appeal is currently pending.

While the 2007 ADA Action was pending before the District Court, Plaintiff returned to work after a leave of absence. (Plaintiff's Statement of Facts, Dkt. # 53 or "PSOF" at ¶ 12; Defendants' Response to Plaintiff's Statement of Facts, Dkt. # 58 or "DRSOF" at ¶ 12.) When he returned to work, Plaintiff was instructed by his supervisor, Defendant Randy Spenla, to sit in an undesirable work station, which Plaintiff complained was "cramped." (PSOF ¶ 13; DRSOF ¶ 13.) During his deposition, Spenla stated that he separated Plaintiff's work station from an African American employee's work station to prevent the facilitation of "somebody who will say and do anything to be a victim and wants to be retaliated against, wants to file more charges." (PSOF at ¶ 30; DSOF at ¶ 30; Dkt. 53-3, Ex. 3 at 44:1–8.) However, Spenla contended that Plaintiff's work station assignment was unrelated to race, and had nothing to do with segregating the only two African American employees in the Auditor Department. (PSOF at ¶ 31; DRSOF at ¶ 31; Dkt. 53-3, Ex. 3 at 41:3, 44:15–16, 45:3.)

Plaintiff filed a complaint against Spenla with the City of Phoenix's Equal Opportunity Department (the "EOD") based on a belief that Spenla's actions were in retaliation for the 2007 ADA Action filed by Plaintiff. (PSOF ¶ 17; DRSOF ¶ 17.) In connection with his EOD complaint, Plaintiff obtained a CD with a recorded interview of Spenla. (PSOF ¶ 17; DRSOF ¶ 17.) The contents of this interview, which Plaintiff had transcribed, appear to serve the basis for this action.[1] (PSOF ¶¶ 17–18.)

While Spenla was Plaintiff's supervisor, Plaintiff attempted to transfer to a position in Finance Department of the City of Phoenix. (PSOF ¶ 36; DRSOF ¶ 36.) Spenla contacted

---

[1] Defendants object to the transcript of the interview that Plaintiff relies on in his statement of facts. For purposes of this Order, the Court will consider evidence subject to a potential hearsay objection, because it is inappropriate to focus on the admissibility of the form of evidence at the summary judgment stage of the proceedings. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). The focus at the summary judgment stage is the admissibility of the contents of the evidence. *Id.*; *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

- 2 -

1   other City of Phoenix employees with regard to the transfer and informed them that Plaintiff,
2   at that time, was not "physically or mentally" able to handle a position with any
3   responsibility. (PSOF ¶ 36; DRSOF ¶ 36.) The job transfer did not occur. (PSOF ¶ 37.)
4       After receiving a right to sue letter from the E.E.O.C., Plaintiff filed this action
5   seeking equitable and monetary remedies under Title VII of the Civil Rights Act of 1964, 42
6   U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 against the City of Phoenix, and 42 U.S.C. §
7   1983 against Spenla. (Compl. at ¶¶ 1, 24.) Plaintiff alleges that Spenla "imposed disparate
8   and discriminatory working conditions upon Plaintiff on the basis of Plaintiff's race."
9   (Compl. at ¶ 10.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED.R.CIV.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support that assertion by "citing to particular parts of materials in the record," including depositions, affidavits, interrogatory answers or other materials, or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting FED.R.CIV.P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). However, the Local Rules require a party opposing a motion for summary judgment to file a controverting statement of facts, setting forth "for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph." Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rule") 56.1(b). According to Local Rule 56.1:

> Each numbered paragraph of the statement of facts set forth in *the moving party's separate statement of facts must*, unless otherwise ordered, *be deemed admitted for purposes of the motion for summary judgment if not specifically controverted* by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

Local Rule 56.1(b) (emphasis added). Plaintiff's Statement of Facts (Dkt. # 53) fails to dispute the facts set forth in Defendants' Statement of Facts (Dkt. # 47). Accordingly, the facts set forth in Defendants' Statement of Facts are deemed admitted for purposes of the Motion for Summary Judgment.

## III.    ANALYSIS

"An employer may not discriminate against 'an employee or applicant for employment because of such individual's race, color, religion, sex, or national origin[.]'" *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 999 (9th Cir. 2002) (quoting 42 U.S.C. § 2000e-2(a)(1)). "[S]uch discrimination is established when one of those factors 'was a motivating factor for any employment practice, even though other factors also motivated the practice.'" *Staub v. Proctor Hosp.*, __ U.S.__, __ S. Ct. __, 2011 WL 691244, at *4 (Mar. 1, 2011) (quoting 42 U.S.C. § 2000e-2(a), (m)).

Here, Plaintiff alleges that Spenla ordered Plaintiff to sit in an undesirable location to prevent him from interacting with the only other African American employee in the Auditor Department, that Spenla made several inaccurate and derogatory comments about Plaintiff

- 4 -

to at least two other supervisors, and that Spenla conspired with other supervisors to deprive Plaintiff of employment opportunities at the City of Phoenix. (Compl. at ¶¶ 10–14.) Plaintiff alleges that white employees in the Auditor Department were not subject to the same conditions of employment as Plaintiff. (Compl. at ¶ 15.)

Defendants move for summary judgment on Plaintiff's Complaint on the grounds that Plaintiff failed present evidence of damages attributable to the racial discrimination claims in the Complaint, and Plaintiff failed to establish an injury-in-fact to support federal standing. Defendants also argue that Plaintiff's claim for punitive damages is forbidden by federal law. Plaintiff agrees with Defendants, and in his Response, Plaintiff "abandoned any claim for punitive damages." (Dkt. # 52 at p. 3.) As Plaintiff has withdrawn his claim for punitive damages, this issue is no longer before the Court.

**A.   Evidence of Damages**

Defendants argue that Plaintiff's alleged damages are the same damages claimed by Plaintiff in the 2007 ADA Action, and that Plaintiff has failed to offer proof of an actual loss to justify an award for compensatory damages. Although Plaintiff's Complaint seeks relief in the form of a declaratory judgment, an injunction, nominal, compensatory and punitive damages, and an award of attorney's fees and costs (Compl. at p. 4), Plaintiff's Second Amended Rule 26 Disclosure Statement sets forth the "computation" of damages as $300,000 in compensatory damages and $105,000 in attorney's fees (Dkt. # 47-1, Ex. H at pp. 7–8).

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party's initial disclosures must contain "a computation of each category of damages claimed by the disclosing party . . . , including materials bearing on the nature and extent of injuries suffered." FED.R.CIV.P. 26(a)(1)(iii). Further, a party is required to supplement its initial disclosures if the initial disclosures were incomplete or incorrect. FED.R.CIV.P. 26(e)(1). Plaintiff failed to provided Defendants with a computation of the compensatory damages or attorney's fees claimed by Plaintiff. Rule 37 states that if a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information . . . to supply evidence on a motion . . . , unless the failure was substantially justified or harmless."

- 5 -

FED.R.CIV.P. 37(c)(1). Because Plaintiff requests other forms of relief specific to this cause of action, the Court does not need to address whether Plaintiff is prohibited from relying on these unsupported compensatory damages and attorney's fees "computations." Contrary to Defendants' implication, Plaintiff's request for declaratory judgment, injunctive relief, and nominal damages is not waived by Plaintiff's failure to include computations of these equitable remedies in Plaintiff's Second Amended Disclosure Statement. These forms of relief are not capable of the "computation" required for the Rule 26(a)(1)(iii) initial disclosure.

Defendants argue that summary judgment should be granted, because Plaintiff seeks the same damages previously sought by Plaintiff in the 2007 ADA Action. As noted above, in addition to compensatory damages and attorney's fees, Plaintiff seeks equitable remedies in the form of: (1) "a declaratory judgment that the conduct of Defendants as described [in the Complaint] violated Plaintiff's rights"; (2) "an injunction ordering Defendants not to discriminate and retaliate against Plaintiff in the future"; and (3) "nominal damages . . . against Defendants, jointly and severally, in an amount to be determined at trial." (Compl. at p. 4.) These forms of relief are specific to Plaintiff's claims of racial discrimination in this action, and do not relate to the 2007 ADA Action. Further, because these equitable remedies are not subject to "computation" in initial disclosures, Plaintiff is not precluded by Rule 37(c)(1) from relying on these equitable remedies in its response to Defendants' Motion for Summary Judgment.

Defendants argue that "Plaintiff must plead and prove damages as an essential element of his racial discrimination claim." (Dkt. # 57 at p. 2.) Plaintiff seeks equitable remedies in addition to compensatory damages. Damages in a racial discrimination claim do not need to be compensatory in nature and Defendants' argument fails to account for noneconomic harm in a racial discrimination action. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661 (1987) ("[R]acial discrimination . . . is a fundamental injury to the individual rights of a person."). Accordingly, the Court will not grant summary judgment in Defendants favor due to Plaintiff's failure to provide compensatory damages and attorney's fees computations, and

finds that Plaintiff seeks remedies specific to this cause of action.

**B.    Evidence of an Injury in Fact**

Defendants also move for summary judgment on the ground that Plaintiff "has failed to allege or produce evidence to support an injury in fact." (Dkt. # 46 at p. 8.) Neither party analyzes the issue of injury in fact coherently in their briefs.[2]

In resolving the issue of standing, courts are bound by a constitutionally imposed jurisdictional restraint in Article III of the United States Constitution, which limits the "judicial power" of the United States to the resolution of "cases" and "controversies." *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). Courts have viewed the constitutionally imposed restraint found in Article III as requiring that, in order to have standing, the suing party must have suffered an "injury in fact." *Valley Forge Christian College*, 454 U.S. at 473.[3] An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). The party invoking federal jurisdiction bears the burden of establishing an injury in fact. *Id.* at 561.

Title VII provides that any "person claiming to be aggrieved" may bring suit. 42 U.S.C. § 2000e-5(f)(1). Plaintiff does not complain of a generalized, class-based injury caused by racial discrimination, or the impact of an allegedly discriminatory policy. Nor, is this action brought on behalf of third parties. Plaintiff's claims concern actions allegedly

---

[2] Defendants set forth the definition of an injury in fact, and superficially conclude, without application of the facts to law, that Plaintiff "has failed to allege or produce evidence to support an injury in fact." (Doc. # 46 at p. 7–8.) Plaintiff, in turn, focuses on the difference between the damages and harm incurred in this action and the 2007 ADA Action. Plaintiff concludes with a brief citation to federal standing law, and states that: "The subject injuries care [sic] clearly traceable to the challenged action of defendants (causation), the jury is capable of being addressed [sic] by a favorable decision (redressability), and the plaintiff has suffered an injury in fact." (Doc. # 52 at p.8.)

[3] The second and third elements of the standing test, causation and redressability, are not challenged.

1  taken by Defendants against Plaintiff on the basis of alleged racial discrimination.

2  Because the parties have neither addressed whether Plaintiff has established the elements of a *prima facie* case for racial discrimination, nor whether Plaintiff's claims are supported by the facts, the Court will construe all disputed facts in the light most favorable to Plaintiff, as the non-moving party. *See Ellison*, 357 F.3d at 1075. Plaintiff claims that he is a member of a protected class under Title VII, and he claims that he was harmed by Defendants' discriminatory actions. Consequently, the Court concludes for purposes of this Order that Plaintiff has asserted an injury in fact with respect to Defendants' refusal to transfer Plaintiff to the Finance Department, and Defendants' assignment of Plaintiff to an undesirable work space to prevent Plaintiff from interacting with another African American employee. This is sufficient to establish that Plaintiff's injury was fairly traceable to the challenged actions of Defendants. *See Bates v. United Parcel Serv., Inc.*, 465 F.3d 1069, 1077–78 (9th Cir. 2006); *Pelekai v. Raytheon Constructors, Inc.*, 74 Fed. App'x 790, 791 (9th Cir. 2003).

Based on the foregoing, the Court denies the Motion for Summary Judgment. Plaintiff has alleged and produced evidence to support an injury in fact for purposes of Article III standing.

**IV.   ADDITIONAL MEMORANDA REQUIRED**

The Court has reviewed the record, and it is unclear whether Plaintiff can establish a *prima facie* case for racial discrimination. Therefore, in accordance with Rule 56 of the Federal Rules of Civil Procedure, the Court will require additional briefing on the merits of Plaintiff's claims. The parties are directed to apply the law set forth below to the evidence.

To establish a *prima facie* case of discrimination,[4] the plaintiff "must offer evidence

---

[4] "Claims of disparate treatment arising under Title VII and section 1981 are parallel because both require proof of intentional discrimination. The same standards are used to prove both claims, and facts sufficient to give rise to one are sufficient to give rise to the other. *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985) (internal citations omitted).

Plaintiff also alleges that he is entitled to relief under 42 U.S.C. § 1983. "Because

- 8 -

1 that 'gives rise to an inference of unlawful discrimination.'" *Lowe v. City of Monrovia*, 775
2 F.2d 998, 1005 (9th Cir. 1985) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248,
3 253 (1981)). "Absent direct evidence of discrimination, a Title VII plaintiff may prove his
4 case through circumstantial evidence, following the burden-shifting framework established
5 in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Lyons v. England*, 307 F.3d
6 1092, 1112 (9th Cir. 2002).

7 Applying the *McDonnell Douglas* burden-shifting framework to Plaintiff's claim that
8 he was denied employment opportunities because of his race, Plaintiff must establish a *prima*
9 *facie* case of racial discrimination by showing that: (1) the plaintiff is a member of a
10 protected minority; (2) who was qualified for and applied for the promotion at issue; (3) that
11 despite the plaintiff's qualifications he was rejected for the promotion; and (4) that another
12 employee who is not a member of a protected class, with equal or lesser qualifications, was
13 promoted to the position sought. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802). If
14 Plaintiff is able to establish a *prima facie* case of racial discrimination, then the burden shifts
15 to Defendants to articulate some legitimate, nondiscriminatory reason for the employee's
16 rejection. *Id.* If Defendants carry their burden, then Plaintiff "is afforded an opportunity to
17 demonstrate that the 'assigned reason was a pretext or discriminatory in its application.'"
18 *Washington v. Garrett*, 10 F.3d 1421, 1432 (9th Cir. 1993) (quoting *Diaz v. Am. Tel. & Tel.*,
19 752 F.2d 1356, 1358–59 (9th Cir. 1985)).

20 The Court finds this action may be resolved on summary judgment, and directs the
21 parties to file additional memoranda addressing whether summary judgment is appropriate
22 under the *McDonnell Douglas* burden-shifting analysis, and whether there are any material
23 facts genuinely in dispute to submit to a jury.

---

25
26 section 1983 incorporates the equal protections standards that have developed in fourteenth
amendment jurisprudence," in order to prevail on a section 1983 claim alleging racial
27 discrimination, the plaintiff must first prove that the defendant purposefully discriminated
against him because of his race. *Id.* (citing *Massachusetts v. Feeney*, 442 U.S. 256, 272
28 (1979) and *Washington v. Davis*, 426 U.S. 229, 239–42 (1976)).

## V.     CONCLUSION

The Court finds that Plaintiff has alleged damages independent of those claimed in the 2007 ADA Action, and that Plaintiff has alleged and produced evidence to support the existence of an injury in fact for purposes of Article III standing. Therefore, summary judgment on the grounds raised by Defendants is inappropriate. However, the Court directs the parties to file additional memoranda concerning the parties' respective burdens, and analyzing whether Plaintiff's claims survive summary judgment. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Dkt. # 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall file a memorandum by **April 15, 2011**, regarding whether summary judgment is appropriate under the *McDonnell Douglas* burden-shifting analysis, and whether there are any material facts genuinely in dispute. Plaintiff shall file a response to Defendants' memorandum by **May 6, 2011**. The parties shall support their memoranda with citations to particular parts of materials in the record, as required by Rule 56 of the Federal Rules of Civil Procedure. If necessary, the Court will order a reply.

DATED this 24th day of March, 2011.

James A. Teilborg
United States District Judge